**The relief described hereinbelow is SO ORDERED.**

**SIGNED this 30th day of May, 2023.**



_____
Robert D. Berger
United States Bankruptcy Judge

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

In re:

**1 BIG RED, LLC**,　　　　　　　　　　　　Case No. 21-20044
　　　　　　　　　　　　　　　　　　　　　　Chapter 7
　　　　　　Debtor.

---

**DARCY WILLIAMSON**,　　　　　　　　　Adv. No. 23-06001
Chapter 7 Trustee,

　　　　　　Plaintiff,

　　　　　　v.

**ALWAYS READY, LLC, and**
**SEAN TARPENNING**,

　　　　　　Defendants.

---

2

## RECOMMENDATION THAT DISTRICT COURT DECLINE TO WITHDRAW THE REFERENCE UNTIL THE JURY-TRIABLE CLAIMS AGAINST ALWAYS READY ARE READY FOR TRIAL

The plaintiff in this adversary proceeding, Darcy Williamson, is the Chapter 7 trustee for the bankruptcy estate of debtor 1 Big Red, LLC.[1] Her first amended complaint asserts claims against defendant Always Ready, LLC, for avoidance and recovery of fraudulent transfers and preferences under 11 U.S.C. §§ 544, 547, 548, and 550 (Counts I, II, III, and IV); disallowance of claims under 11 U.S.C. § 502(d) (Count VII); and unjust enrichment/quantum meruit (Count IX).[2] Always Ready now moves under 28 U.S.C. § 157(d) for the District Court to withdraw the reference of the claims on which it has the right to a jury trial.[3] This Bankruptcy Court recommends that the District Court withdraw the reference of the jury-triable claims against Always Ready—but not until such claims are ready for trial.

Federal law grants jurisdiction over bankruptcy cases and bankruptcy-related proceedings to the district courts. *See* 28 U.S.C. § 1334. The law permits the district courts to refer those cases and proceedings to bankruptcy judges, which the District of Kansas has done via standing order. *See* 28 U.S.C. § 157(a); D. Kan. Rule 83.8.5(a) (referencing Standing Order 13-1). However, a district court may withdraw that reference as to any case or proceeding, in whole or in part, "on its

---

[1] 1 Big Red's bankruptcy case was originally filed under Chapter 11 on January 15, 2021, and converted to Chapter 7 on December 28, 2022.

[2] *See* ECF 3.

[3] ECF 18.

own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d).[4]
Such motions are filed with the bankruptcy court, which then transmits the motion
(along with a written recommendation on the disposition thereof) to the district
court. *See* D. Kan. Rule 83.8.6(c).

Courts in the District of Kansas have found cause to withdraw the reference
under § 157(d) where there is (1) a right to jury trial, (2) a timely demand for jury
trial, and (3) no mutual consent to trial before the bankruptcy court. *See, e.g.*,
*Disbursing Agent of the Murray F. Hardesty Estate v. Severson (In re Hardesty)*, 190
B.R. 653, 655 (D. Kan. 1995); *cf.* D. Kan. Rule 83.8.13(a) (providing that district
judge "shall" conduct jury trial under those circumstances). Here, Always Ready
argues that its motion to withdraw the reference should be granted because it
(1) has the right to a jury trial on Counts I through IV and Count IX;[5] (2) timely

---

[4] The burden of establishing cause to withdraw the reference is on the moving party. *See Collier on Bankruptcy* ¶ 5011.01[1][b] (Richard Levin & Henry J. Sommer eds., 16th ed.).

[5] The Seventh Amendment entitles a defendant who has not submitted a claim against the bankruptcy estate to a jury trial on fraudulent-transfer and preference claims. *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 64 (1989); *Langenkamp v. Culp*, 498 U.S. 42, 44 (1990) (per curiam). Thus, Always Ready (who has not submitted a claim against the estate of 1 Big Red) would be entitled to a jury trial on Counts I through IV if it has not waived that right. *But see* ECF 34 ¶¶ 7-8 (arguing that Always Ready may be Tarpenning's alter ego and therefore may have waived its right to jury trial).

It is less clear that Always Ready would be entitled to a jury on Count IX. *Cf. Rezac Livestock Comm'n Co. v. Pinnacle Bank*, Case No. 15-4958-DDC, 2020 WL 109648, at *6 (D. Kan. Jan. 9, 2020) (holding that plaintiffs were not entitled to jury trial on claims under Kansas law for unjust enrichment); *Freeman v. Toyota Motor Sales, USA, Inc.*, Case No. 4:19-cv-02550-SEP, 2020 WL 7041810, at *9 (E.D. Mo. Nov. 30, 2020) ("A claim for unjust enrichment is 'founded upon equitable principles . . . .'") (quoting *Lowe v. Hill*, 430 S.W.3d 346, 349 (Mo. Ct. App. 2014)).

3

demanded a jury trial; and (3) does not consent to a jury trial before the bankruptcy court.[6] Always Ready then suggests that the District Court could "exercise its discretion" to withdraw the rest of this adversary proceeding—i.e., any remaining claims against Always Ready along with the claims against its co-defendant, Sean Tarpenning[7]—as well.[8]

But even if a party's right to jury trial establishes cause to withdraw the reference, a district court may decline to do so until the case is ready for trial. *See In re Hardesty*, 190 B.R. at 656; *see also, e.g., Lindemuth v. Lloyd & MacLaughlin, LLC (In re Lindemuth)*, Case No. 12-23060 Chapter 11, Case No. 21-2554-EFM, 2022 WL 369413, at *1, *7 (D. Kan. Feb. 8, 2022) (adopting recommendation that "withdrawal of reference should not occur at this time" and stating that "the better course would be to decline any transfer until the case is ready for trial"). "Such an approach streamlines pretrial procedure and serves the interests of judicial efficiency by taking advantage of the Bankruptcy Court's expertise and familiarity [with] the issues and discouraging forum shopping." *Redmond v. Hassan*, Misc. Action No. 07-204-KHV, 2007 WL 677611, at *1 (D. Kan. Feb. 28, 2007) (citing *In re Hardesty*, 190 B.R. at 656-57, and overruling motion to withdraw the reference as

---

[6] *See* ECF 18 at 2.

[7] The Trustee's first amended complaint alleges that Tarpenning exercises "complete and total authority and control" over Always Ready, *see* ECF 3 ¶ 10, and asserts claims against Tarpenning for recovery of avoidable transfers under 11 U.S.C. § 550 (Count IV); avoidance of fraudulent obligations under 11 U.S.C. §§ 544 and 548 (Counts V and VI); disallowance of claims (Count VII); breach of fiduciary duties (Count VIII); and unjust enrichment/quantum meruit (Count IX).

[8] *See* ECF 18 at 5 n.1.

4

premature); *see also Riederer v. Whipple*, No. 11-2517-JAR, 2011 WL 4972076, at *2 (D. Kan. Oct. 19, 2011) (observing that to withdraw reference before case was ready for trial would effectuate "minimal" judicial economy and "disturb Congress' intent to leave questions involving the bankruptcy court's expertise within its jurisdiction to the greatest extent possible") (citation omitted).[9]

Here, the Trustee argues that there are three reasons why the District Court should wait to withdraw the reference of the jury-triable claims against Always Ready (such that all pretrial matters would be handled by the Bankruptcy Court).[10] First, the Trustee points out that the other defendant in this case, Sean Tarpenning, has not sought withdrawal of the reference.[11] The Trustee concludes that "[k]eeping pretrial matters with the Bankruptcy Court will [therefore] promote efficiency and judicial economy."[12] Although this is more an argument for keeping all pretrial matters together (and less one about keeping them before any particular court), this Bankruptcy Court notes that it does have expertise in the fraudulent-transfer, preference, and recovery claims under 11 U.S.C. §§ 544, 547, 548, and 550

---

[9] Always Ready does cite one case, *In re Dynamic Drywall*, in which the bankruptcy court recommended that the district court immediately withdraw the reference. However, the claims at issue in *Dynamic Drywall* were "pure construction contract and tort disputes" that, as Judge Nugent noted in his recommendation, "require none of the special expertise the bankruptcy court supplies." *Dynamic Drywall, Inc. v. McPherson Contractors, Inc. (In re Dynamic Drywall, Inc.)*, Case No. 14-11131, Adv. No. 15-5005, 2015 WL 4497967, at *6 (Bankr. D. Kan. July 21, 2015).

[10] ECF 34 ¶ 5.

[11] *Id.* ¶¶ 4, 6.

[12] *Id.* ¶ 6.

5

that Always Ready seeks to withdraw—as well as several years' familiarity with the debtor, 1 Big Red, and its owner, Mr. Tarpenning.

Next, the Trustee argues that Always Ready may have waived its right to a jury trial. Her theory is that (1) Always Ready is Tarpenning's alter ego; (2) Tarpenning waived his right to a jury trial when he filed a claim against the bankruptcy estate of 1 Big Red;[13] and (3) Tarpenning's waiver should be imputed to Always Ready.[14] Always Ready responds that the Court should reject this theory because the Trustee's first amended complaint does not include any alter-ego allegations.[15] But Always Ready provides no support for its position (other than one inapposite case that said nothing about jury waiver), whereas the Trustee cites three cases (albeit ones from outside the Tenth Circuit, *see supra* note 14) to support

---

[13] A creditor who files a claim against the bankruptcy estate waives his right to jury trial on the issues that must be resolved in the bankruptcy court's claim-allowance process. *See Katchen v. Landy*, 382 U.S. 323, 339-40 (1966) (holding that creditor who filed claim against bankruptcy estate was not entitled to jury trial on preference action under former Bankruptcy Act). Such issues include a trustee's claims under 11 U.S.C. §§ 544, 547, 548, and 550. *Cf.* 11 U.S.C. § 502(d) (providing, *inter alia*, that claim of entity that is a transferee of a transfer avoidable under §§ 544, 547, or 548, or from whom property is recoverable under § 550, shall be disallowed unless the entity has paid that amount, or turned over such property, to the trustee).

[14] *See* ECF 34 ¶¶ 7-8 (citing *Off. Creditors Comm. v. Bryan (In re The Legacy Estate Grp.)*, Bankr. No. 05-14659, Adv. No. 06-1173, 2007 WL 2908280, at *1 (Bankr. N.D. Cal. Sept. 28, 2007), *Africh v. Musselman (In re Seminole Walls & Ceilings Corp.)*, 412 B.R. 878, 888-89 (M.D. Fla. 2008), and *Syaqua Americas, Inc. v. Am. Mariculture, Inc.*, Case No. 2:20-cv-736-JES-MRM, 2021 WL 3037430, at *2 n.3 (M.D. Fla. July 19, 2021)).

The right to a jury trial in the federal courts is governed by federal law. *Telum, Inc. v. E.F. Hutton Credit Corp.*, 859 F.2d 835, 837 (10th Cir. 1988) (citing *Simler v. Conner*, 372 U.S. 221, 221-22 (1963) (per curiam)).

[15] ECF 42 ¶¶ 6-8.

hers. At this stage, without more, the Trustee's argument is plausible—it suggests that a jury trial may not ultimately be required on the claims that Always Ready seeks to withdraw to the District Court.

Finally, the Trustee argues that to keep all pretrial matters before the Bankruptcy Court "will prevent the appearance of gamesmanship."[16] Here, her theory is:

> Tarpenning is seeking to dismiss counts in the Amended Complaint naming only Always Ready. Curiously, Always Ready has filed an answer, but has not sought its own dismissal or joined in Tarpenning's Motion, even though they are represented by the same counsel. It gives the appearance that the defendants may be trying to get the benefit of both this Court ruling on a motion to dismiss, and if they do not like its ruling, seeking similar relief from the District Court albeit on behalf of Always Ready.[17]

The problem with this argument is that Always Ready does not need the reference withdrawn in order to obtain a second opinion, as it were, from the District Court on the issues raised in Tarpenning's pending motion to dismiss (i.e., whether the Trustee's first amended complaint states a claim against him under 11 U.S.C. §§ 544, 547, and 548). Always Ready can raise those issues with the Bankruptcy Court if its motion to withdraw the reference is denied. And if Always Ready "does not like" the Bankruptcy Court's ruling on those issues, it can appeal that ruling to the District Court. *Cf.* Fed. R. Bankr. P. 8005 (providing that parties may elect to have appeal heard by the district court). Because the "benefit" identified by the

---

[16] ECF 34 ¶ 9.

[17] *Id.*

7

Trustee would be available to Always Ready either way, the Trustee's third argument is unpersuasive.

While Always Ready's motion to withdraw the reference does not appear to be motivated by gamesmanship, the Bankruptcy Court is familiar with the parties to, and the issues presented by, this adversary proceeding. In light of that familiarity, and because a jury trial may not ultimately be required on the claims Always Ready seeks to withdraw, it is the recommendation of the Bankruptcy Court that the District Court decline to withdraw the reference until the jury-triable claims against Always Ready (if any) are ready for trial.

###