IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DARCY D. WILLIAMSON, CHAPTER 7 TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>ALWAYS READY, LLC, et al,,<br><br>Defendant. | Case No. 2:23-cv-2258-HLT |

## MEMORANDUM AND ORDER

Defendant Always Ready, LLC ("Always Ready") moves to withdraw the reference of this adversary proceeding to the bankruptcy court. Always Ready seeks transfer to the district court under 28 U.S.C. § 157(d) and D. Kan. Rule 83.8.6. The bankruptcy court recommended this Court withdraw the reference of the jury-triable claims against Always Ready, but not until they are ready for trial. Always Ready objects and seeks immediate withdrawal. The Court determines that the counts for monetary damages against Always Ready may ultimately be withdrawn for trial by jury. But to do so now is premature. The Court denies Always Ready's motion to withdraw without prejudice, overrules its objection to the bankruptcy court's recommendation, and adopts the recommendation.

I.  BACKGROUND

Plaintiff Darcy D. Williamson is the trustee in 1 Big Red, LLC's Chapter 7 bankruptcy proceeding. The trustee filed a First Amended Complaint in the proceeding against Sean Tarpenning and Always Ready. Tarpenning is the debtor's president and controls entities associated with the debtor, including Always Ready. Counts I, II, III, and IV seek monetary damages from Always Ready for the transfer of three real properties. The trustee asks for

avoidance and recovery of fraudulent and preferential transfers pursuant to 11 U.S.C. §§ 544, 547, 548, and 550. Count IX is an unjust enrichment/quantum meruit count for the same transfers. Count VII is to disallow any claim of Always Ready against the debtor, but Always Ready has not filed a proof of claim. Tarpenning, on the other hand, did file a proof of claim.

Always Ready answered, made a timely jury demand, and filed a motion to withdraw the reference. Tarpenning separately moved to dismiss the counts against him. That motion remains pending before the bankruptcy court. Tarpenning did not join the motion to withdraw the reference.

## II.   STANDARD

The District of Kansas refers proceedings to the bankruptcy court under 28 U.S.C. § 157(a) and D. Kan. Rule 83.8.5(a). But there are circumstances under which that referral may be withdrawn. The district court may withdraw a matter on its own or on motion of a party, for good cause. 28 U.S.C. § 157(d). A party who wants the district court to withdraw its reference must file a motion to transfer. D. Kan. R. 83.8.6(a). The bankruptcy judge then submits a written recommendation. *Id.* R. 83.8.6(c). Parties have fourteen days to object in writing. *See* Bankr. R. 9033(b). The district court reviews the recommendation de novo. *Id.* R. 9033(d).[1] And the party seeking withdrawal of reference bears the burden to show good cause. *In re Lindemuth*, 2022 WL 369413, at *5 (D. Kan. 2022) (citation omitted).

## III.   ANALYSIS

Always Ready argues that good cause exists for withdrawal of reference because it has met the requirements for a jury trial before the district court. The district court must withdraw the reference under § 157(d) when (1) a party has a right to a jury trial, (2) the party timely demanded

---

[1]   Bankr. R. 9033 refers to proposed findings of fact and conclusions of law. The recommendation before the court is not so formal in format. But the Court does not find such formality to be required to review the decision de novo.

a jury trial, and (3) there is no mutual consent to trial by the bankruptcy court.[2] *See In re Hardesty*, 190 B.R. 653, 655 (D. Kan. 1995); D. Kan. R. 83.8.13(a). But the district court may determine the timing of the withdrawal. It may wait until the case is ready for trial. *See In re Lindemuth*, 2022 WL 369413, at *6 ("Courts in this District have repeatedly recognized that the mere existence of a right to a jury trial does not automatically translate into an immediate withdrawal of the reference."); *Riederer v. Whipple*, 2011 WL 4972076, at *2 (D. Kan. 2011) (deferring decision whether to withdraw reference); *Redmond v. Hassan*, 2007 WL 677611, at *1 (D. Kan. 2007) (overruling motion to withdraw as premature but permitting parties to refile after pre-trial matters completed by bankruptcy court); *In re Hardesty*, 190 B.R. at 656 ("Even if a jury trial may constitute cause for withdrawal, the district court may decline to withdraw the reference until the case is ready for trial.").

The bankruptcy court recommends that the district court withdraw the reference of the jury-triable claims against Always Ready. Always Ready does not object to that portion of the recommendation. But the bankruptcy court recommends this Court not do so until the claims are ready for trial. The bankruptcy court reasons that it is familiar with the parties and issues, and a jury trial may not ultimately be required because Always Ready may be found to be the alter ego of Tarpenning, who waived his right to a jury trial by filing a proof of claim. Always Ready does object to those two portions of the recommendation. Always Ready maintains the Court should withdraw the reference now.

Always Ready argues it should be afforded the opportunity to have this Court enter a scheduling order, rule any dispositive motion, and set a trial date. It maintains that allowing the

---

[2] The district court typically has broad discretion to decide whether to permit withdrawal and considers several factors in making that decisions. *See In re Lindemuth*, 2022 WL 369413, at *5. But the mandatory language of this District's local rule suggests the district court's discretion is more limited (or nonexistent) when the "good cause" asserted is the right to a jury trial.

bankruptcy court to continue presiding will not promote efficiency or judicial economy because (1) there are separate claims against Tarpenning and any judgment would be separate, (2) Tarpenning moved to dismiss, (3) no scheduling order has been entered, and (4) discovery is needed regardless. And Always Ready urges immediate withdrawal, arguing this case is like *In re Dynamic Drywall, Inc.*, 2015 WL 4497967, at *1 (Bankr. D. Kan. 2015), and *In re Flex Financial Holding Co.*, 2015 WL 1756819, at *2 (Bankr. D. Kan. 2015). Always Ready contends this case mirrors *In re Dynamic Drywall* and *In re Flex Financial Holding* because they, too, had defendants who didn't file claims, defendants who didn't participate in the bankruptcy, and limited events that had occurred in the bankruptcy.

The Court agrees that Always Ready may ultimately be entitled to a jury trial before this Court.[3] It appears to meet the three requirements under *In re Hardesty* and D. Kan. R. 83.8.13(a). But Always Ready meets the requirements <u>at this time</u>. That may change as the case progresses. The trustee has raised the issue of whether Always Ready may be bound by Tarpenning's waiver of the right to a jury trial.[4] Always Ready may no longer be entitled to a jury trial if the bankruptcy court later determines that Always Ready is the alter ego of Tarpenning. *See Syaqua Americas, Inc. v. Am. Mariculture, Inc.*, 2021 WL 3037430, at *2 n.3 (M.D. Fla. 2021) (noting the court could revisit the jury waiver issue if the parties were later found to be alter egos). And all the

---

[3] As the bankruptcy court noted, Always Ready is entitled to a jury trial on Counts I through IV if it hasn't waived that right. But the same may not be true for Count IX, the unjust enrichment/quantum meruit count. *See* Doc. 2 at 3 n.5.

[4] Always Ready asks the Court to reject this theory because the First Amended Complaint does not include alter-ego allegations. Always Ready relies on *In re Hansen*, 341 B.R. 638, 646-47 (N.D. Ill. 2006) to support its position. But in that case, the bankruptcy court refused to allow the trustee to amend the complaint to defeat summary judgment to add an alter ego theory. *In re Hansen* did not involve a jury demand and was at a different stage of the case. Here, the trustee alleges Tarpenning exercised "complete and total authority and control" over Always Ready. Doc. 1-3 at 1. And even though the First Amended Complaint does not specifically allege Always Ready is Tarpenning's alter ego, the trustee asserts she still has the ability to seek leave to include an alter-ego theory, as the time to seek leave to amend has not passed.

4

claims but unjust enrichment/quantum meruit arise under bankruptcy statutes. Not only does the bankruptcy court have familiarity with the parties and issues, but it also has expertise in fraudulent-transfer, preference, and recovery claims. *In re Dynamic Drywall* involved only state law claims. It did not involve Title 11 and would not have benefited from bankruptcy expertise. *In re Flex Financial Holding* similarly involved no bankruptcy issues; it was a declaratory judgment action under an insurance contract. In contrast, here Counts I-IV are all under the Bankruptcy Code. The bankruptcy judge recommends he keep the case because he has familiarity with the bankruptcy proceedings as a whole. Permitting the bankruptcy court to manage all the counts of the First Amended Complaint together will promote efficiency and judicial economy. The Court fails to see any potential prejudice to Always Ready by litigating before the bankruptcy court until trial.

## IV.   CONCLUSION

Always Ready may be entitled to a jury trial on the counts against it. But the adversary proceeding still has time to develop and evolve. The Court will withdraw the reference in the future if a district court jury trial still remains warranted. But the bankruptcy court is the better place for the parties to proceed now. Always Ready may file another motion to withdraw the reference when the pretrial proceedings are complete.

THE COURT THEREFORE ORDERS that the Report and Recommendation of the bankruptcy court (Doc. 2) is ADOPTED; Defendant's objections (Doc. 3) are OVERRULED; and the motion to transfer (Doc. 1) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: July 28, 2023                     /s/ *Holly L. Teeter*
                                         HOLLY L. TEETER
                                         UNITED STATES DISTRICT JUDGE